# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARRY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-CV-0545-CVE-JFJ |
| ) | |
| IC BUS OF OKLAHOMA, LLC, ) | |
| previously named as Tulsa Bus Plant, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Reconsideration (Dkt. # 77). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 70) granting summary judgment in favor of defendant IC Bus of Oklahoma, LLC (IC Bus) on his age discrimination claim. Plaintiff argues that he has new evidence that his employment was terminated because of his lack of certain educational qualifications. Dkt. # 77, at 1. IC Bus responds that plaintiff's allegations do not constitute newly discovered evidence that require reconsideration of the Court's opinion and order, and the allegations have no impact on the Court's ruling that plaintiff had not met his burden to show that defendant's legitimate, non-discriminatory reason for terminating plaintiff's employment was pretext for age discrimination (Dkt. # 79).

On October 15, 2019, plaintiff filed a complaint alleging employment discrimination claims, and plaintiff was not represented by an attorney. Plaintiff alleged that he was required to apply twice for a promotion, which he eventually received, and he claims another employee, Antonio Smith, did not want plaintiff to receive the promotion because of his age. Dkt. # 1, at 2-3. Plaintiff claims that his employment was terminated following an investigation into possible sexual harassment at the

workplace, and plaintiff denies that he made comments that were offensive to female coworkers. Id. at 4. The joint status report clarified that plaintiff was asserting a claim for age discrimination only, and he was not alleging discrimination based on any other protected status. Dkt. # 19. IC Bus filed a motion for summary judgment (Dkt. # 53) asserting that plaintiff did not suffer an adverse employment action as to his promotion, because applying a second time for the promotion was not an adverse employment action. Dkt. # 53, at 20-21. As to plaintiff's termination, IC Bus argued that it honestly believed that plaintiff violated the company's sexual harassment policy and code of conduct, and plaintiff had no evidence tending to show that IC Bus' stated reason for terminating his employment was pretextual. Id. at 24-26. Plaintiff filed a response (Dkt. # 59) to the motion for summary judgment, but he failed to attach any evidence to his response. Plaintiff denied that he failed to report sexual harassment or that he made offensive remarks, and he argued that another employee, Smith, was biased against plaintiff because of his age. The Court determined that plaintiff had not exhausted his administrative remedies as to his promotion claim, and interviewing twice for a position that plaintiff actually received was not an adverse employment action. Dkt. # 70, at 9. The Court also found that IC Bus' legitimate, non-discriminatory reason for terminating plaintiff's employment was not pretextual, and the Court entered summary judgment in favor of IC Bus.

Plaintiff filed a motion to reconsider (Dkt. # 77) asking the Court to consider a new argument that he was actually terminated due to IC Bus' alleged belief that plaintiff lacked the educational qualifications for his job. Plaintiff has also filed a notice of appeal (Dkt. # 80). The Tenth Circuit Court of Appeals entered an order stating that the notice of appeal "will not become effective until the district court enters an order disposing of the post-judgment motion," and the appeal has been abated. Dkt. # 83. A notice of appeal typically divests the district court of jurisdiction over issues

that are raised on appeal. Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998). However, the appeal has been abated and this Court can consider whether reconsideration is warranted as to the merits of plaintiff's age discrimination claim.

Plaintiff asks the Court to reconsider its decision to grant summary judgment in favor of IC Bus. Plaintiff's motion to reconsider was filed within 28 days of the Court's opinion and order (Dkt. # 70), and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court has reviewed plaintiff's motion and finds no basis to reconsider the opinion and order (Dkt. # 70) granting summary judgment to IC Bus on plaintiff's age discrimination claim. Plaintiff does not explain when he first learned of the allegations that his lack of educational

3

qualifications played a role in the termination of his employment, but it appears that he was aware of this issue when he filed his response to defendant's motion for summary judgment. Even if the allegations qualify as new evidence, plaintiff's new allegations actually weaken his case of age discrimination. As explained in the prior opinion and order (Dkt. # 70), defendant has come forward with a legitimate, non-discriminatory explanation for terminating plaintiff's employment, and plaintiff has the burden to show that the explanation was pretextual and that plaintiff's age was the but-for cause of his termination. Dkt. # 70, at 13. Evidence that plaintiff's lack of educational qualifications played a role in his termination has no tendency to show that his employment was terminated because of his age. Plaintiff's alleged lack of certain educational qualifications is also not a protected status that would permit him to bring a discrimination claim under state or federal law. Plaintiff has not shown that any basis exists to reconsider the Court's summary judgment ruling in favor of IC Bus, and plaintiff's motion to reconsider (Dkt. # 77) is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Dkt. # 77) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals in reference to Appeal No. 21-5049.

**DATED** this 9th day of July, 2021.

*[Signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE